UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PHILLIP STEWART,

                                               **COMPLAINT**

              Plaintiff,                       **06 CV 15490**

      -against-                       **JURY TRIAL DEMANDED**

                                               **ECF CASE**

THE CITY OF NEW YORK, DET. JEREMIAH BREEN,
Shield No. 1279, Individually and in his Official Capacity,
U.C. No. 3583, Individually and in his Official Capacity,

              Defendants.
------------------------------------------------------------------------X

       Plaintiff, Phillip Stewart, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

       4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## **JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## **PARTIES**

6.      Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7.      Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.      At all times hereinafter mentioned, the individually named defendants, DET. JEREMIAH BREEN and U.C. No. 3583, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13.     On June 18, 2003, at approximately 11:00 a.m., plaintiff Phillip Stewart was lawfully exiting a laundromat at the location of 113th Street and St. Nicholas Avenue, in the County, City and State of New York.

14.     At the aforesaid time and place, Mr. Stewart was suddenly accosted by several members of the New York City Police Department.

15.     The officers thereafter handcuffed Mr. Stewart and placed him inside of a police van, where he remained for several hours.

16.     Thereafter, Mr. Stewart was taken to the Manhattan North police precinct, where he was formally charged with Criminal Sale of a Controlled Substance in the Third Degree.

17.     At his arraignment the following day, Mr. Stewart learned for the first time that he was accused of selling narcotics to an undercover officer approximately seven months earlier, on November 26, 2002.

18.     Mr. Stewart had not sold, bought or possessed any narcotics at any time on November 26, 2002.

19.     After placing Mr. Stewart under arrest, defendants filled out false police reports and forwarded these reports to prosecutors in the New York County District Attorney's Office.

20.     Thereafter, defendants gave false and misleading testimony throughout the criminal proceedings regarding the facts and circumstances surrounding Mr. Stewart's arrest.

21.     Notwithstanding defendants's unlawful and perjurious conduct, Mr. Stewart was acquitted of all charges on July 23, 2004.

22.     At the time of his acquittal, Mr. Stewart had spent over 13 months in jail, from June 18, 2003 until July 23, 2004.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

25. All of the aforementioned acts deprived plaintiff Phillip Stewart of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. As a result of defendants' aforementioned conduct, plaintiff Phillip Stewart was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

31. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants misrepresented and falsified evidence before the District Attorney.

34. Defendants did not make a complete and full statement of facts to the District Attorney.

35. Defendants withheld exculpatory evidence from the District Attorney.

36. Defendants misrepresented and falsified evidence before the Grand Jury.

37. Defendants did not make a complete and full statement of facts to the Grand Jury.

38. Defendants withheld exculpatory evidence from the Grand Jury.

39. Defendants were directly and actively involved in the initiation of criminal proceedings against Mr. Stewart.

40. Defendants lacked probable cause to initiate criminal proceedings against Mr. Stewart.

41. Defendants acted with malice in initiating criminal proceedings against Mr. Stewart.

42. Defendants were directly and actively involved in the continuation of criminal

proceedings against Mr. Stewart.

43. Defendants lacked probable cause to continue criminal proceedings against Mr. Stewart.

44. Defendants acted with malice in continuing criminal proceedings against Mr. Stewart.

45. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

46. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Mr. Stewart's favor on July 23, 2004, when a jury acquitted Mr. Stewart of all criminal charges.

47. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants issued legal process to place plaintiff Phillip Stewart under arrest.

50. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

51. Defendants acted with intent to do harm to plaintiff Phillip Stewart, without excuse or justification.

52. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" as if the same were more fully set forth at length herein.

54.     Defendant created false evidence against plaintiff Phillip Stewart.

55.     Defendant forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

56.     Defendant misled the grand jury, the trial judge and the prosecutors by creating false evidence against plaintiff Phillip Stewart and thereafter providing false testimony throughout the criminal proceedings.

57.     In creating false evidence against plaintiff Phillip Stewart, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendant violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

58.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" as if the same were more fully set forth at length herein.

60.     Defendants arrested and incarcerated Mr. Stewart in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

61. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

62. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

63. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

- a) fabricating evidence against innocent persons erroneously arrested during buy-and-bust operations;

- b) arresting innocent persons wrongfully apprehended during buy-and-bust operations;

- c) arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

64. The existence fo the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

- **Darnell Flood v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

- **Theodore Richardson v. City of New York, et al,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

65.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff Phillip Stewart.

66.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Phillip Stewart as alleged herein.

67.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff Phillip Stewart as alleged herein.

68.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff Phillip Stewart was incarcerated unlawfully for over 13 months until his release on July 23, 2004.

69.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff Phillip Stewart.

70.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff Phillip Stewart's constitutional rights.

71.     All of the foregoing acts by defendants deprived plaintiff Phillip Stewart of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from seizure and arrest not based upon probable cause;

        C.     To be free from unwarranted and malicious criminal prosecution;

        D.     Not to have cruel and unusual punishment imposed upon him; and

        E.     To receive equal protection under the law.

72. As a result of the foregoing, plaintiff Phillip Stewart is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff Phillip Stewart demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
           December 26, 2006

BY:_____/S_____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396

INDEX NO. 06 CV15490                                            YEAR    2006
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILIP STEWART,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, DET. JEREMIAH BREEN, Shield No. 1279, Individually and in his Official Capacity, U.C. No. 3583, Individually and in his Official Capacity,

                              Defendants.

---

## SUMMONS AND COMPLAINT

---

### JON L. NORINSBERG

*Attorney for* Plaintiffs

*Office and Post Office Address, Telephone*
225 Broadway - Suite 2700
New York, New York 10007
(212)791-5396

---

Signature (Rule 130-1.1a)

_____
Print Name Beneath

To
Attorney(s) for  Defendants

---

Service of a copy of the within is hereby admitted.                    Dated
                 _____

Attorney(s) for

---

PLEASE TAKE NOTICE

☐     <u>NOTICE OF ENTRY</u>

       that the within is a (certified) true copy of a
       duly entered in the office of the clerk of the within named court on                    20

☐     <u>NOTICE OF SETTLEMENT</u>

       that an order                                                     of which the within is a true copy
       will be presented for settlement to the HON.                     one of the judges of the
       within named Court, at
       on                              20                at

Dated,                                                                           Yours, etc.